UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID THORNTON,

        Petitioner,

                              Case No. 07-14035-BC
v.                                   Honorable Thomas L. Ludington

JEFF WHITE,

        Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION TO TRANSFER**

        This matter is before the Court on Petitioner David Thornton's "Motion to Transfer Jurisdiction." Petitioner asks the Court to order the Michigan Department of Corrections to transfer him to a state prison within the geographical boundaries of the Eastern District of Michigan during the pendency of his habeas proceedings so that he may have adequate access to legal materials, receive legal mail more promptly, and more easily litigate his case.

        Petitioner, however, was confined at the Ojibway Correctional Facility in Marenisco, Michigan at the time he filed this habeas action. Marenisco, Michigan is located in Gogebic County, which lies in the Western District of Michigan. Consequently, this case is unlike those in which a prisoner is transferred to a prison in another jurisdiction *after* he files a habeas action. *See Cohen v. United States*, 593 F.2d 766, 767 n.2 (6th Cir. 1979) (court order normally required for such a transfer).

        Moreover, Petitioner could have filed his habeas action in the Western District of Michigan, a court of concurrent jurisdiction, since he is confined in that District. Petitioner, instead, chose to file in this District. He cannot now complain that this District is an inconvenient forum. Petitioner's

complaints about his lack of access to the law library and to updated legal materials are also conclusory – and he has not demonstrated that he has been prejudiced in this case.

Lastly, the Court notes that a prisoner has no federal constitutional right to be incarcerated in a particular facility, *see Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976), and Michigan's statutes and regulations give prison authorities discretion regarding prisoner placement. *See* Mich. Comp. Laws Ann. § 791.264. The Court sees no reason to interfere with that discretion.

Accordingly, it is **ORDERED** that Petitioner's motion for a transfer [dkt #5] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 11, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2007.

s/Tracy A. Jacobs

---