UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID THORNTON,

        Petitioner,

                          Case Number 07-14035-BC
v.                            Honorable Thomas L. Ludington

JEFF WHITE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner David Thornton, a Michigan prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b; following a bench trial in Wayne County Circuit Court in 2001. Petitioner was sentenced to nine to twenty years imprisonment on the assault conviction and a consecutive term of two years imprisonment on the felony firearm conviction. In his application, Petitioner contends that his sentence is invalid because his sentencing guidelines were incorrectly scored and based upon inaccurate information. Respondent filed an answer to the petition contending that the claims are either barred by procedural default, not cognizable on federal habeas review, or lack merit. For the reasons stated below, the petition for habeas corpus will be denied.

I

Petitioner's convictions arise from the shooting of Jeffrey Nelson at a party store in Detroit, Michigan, on February 7, 2000. Trial testimony revealed that Petitioner and the victim exchanged

words outside the store, then Petitioner pulled out a gun and fired several shots at the victim, striking him in the back and in the back of his head causing serious and permanent injury. At the close of trial, the court found Petitioner guilty of assault with intent to commit murder and possession of a firearm during the commission of a felony.

At sentencing, defense counsel challenged the scoring of the sentencing guidelines in various respects, including the scoring of five points because Petitioner was on probation at the time of the offense under Prior Record Variable 6 ("PRV 6"). The prosecutor produced a LEIN report that indicated that Petitioner was on probation for the misdemeanor offense of driving with a suspended license at the time of the offense. As a result, the minimum sentence guideline range was 108 to 180 months. After discussing the facts of the crime, hearing from the victim's family about the victim's significant injuries, and allowing Petitioner to make a statement, the trial court sentenced Petitioner to 108 to 240 months (nine to twenty years) imprisonment on his assault conviction and the mandatory consecutive term of two years imprisonment on his felony firearm conviction.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising several claims of error, including a challenge to the scoring of PRV 6 of the sentencing guidelines. The Michigan Court of Appeals affirmed his convictions and sentence. With regard to the scoring of PRV 6, the court ruled as follows:

> Next, defendant argues that the trial court erred in scoring the legislative sentencing guidelines when it scored five points for prior record variable (PRV) six. Under PRV six, five points are to be scored if, at the time of the offense, the offender was on probation. Mich. Comp. Laws § 777.56(1)(d). Here, the prosecutor produced a LEIN report reflecting defendant's probationary status for the misdemeanor offense of driving with a suspended license. This was sufficient to support the score of five points for PRV six. *People v. Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002). We disagree with defendant's argument that driving with a suspended license is not the type of offense for which a prior probationary term may be scored under PRV six. *Cf. People v. Kisielewicz*, 156 Mich App 724, 727; 402 NW2d 497

> (1986). We also reject defendant's argument that PRV six should not have been scored because the prosecution failed to prove that defendant was represented by counsel, or properly waived counsel, in the suspended license proceeding. That determination was immaterial because there was no indication that a term of incarceration was imposed for the prior offense, *see Nichols v. United States*, 511 US 738, 746-748 (1994), and, more significantly, it was defendant's probationary status, not the validity of a prior conviction, that formed the basis for the scoring of PRV six.

*People v. Thornton*, No. 237030, 2003 WL 21398314, at *2 (Mich. Ct. App. June 17, 2003). The Michigan Supreme Court denied leave to appeal. *People v. Thornton*, No. 124420, 673 N.W.2d 762 (table) (Mich. Dec. 30, 2003).

Petitioner subsequently filed a motion for relief from judgment with the state trial court, asserting that he was sentenced based upon inaccurate information and that his guidelines were incorrectly scored. The trial court denied the motion, finding that any scoring error was harmless. Even with an adjustment to the scoring of the guidelines as requested, Petitioner's new minimum guideline range would be 81 to 135 months and his existing minimum sentence of 108 months is within the middle of that range. *People v. Thornton*, No. 00-012778-01 (Wayne County Cir. Ct. Aug. 25, 2005). Petitioner attempted to file a delayed application for leave to the Michigan Court of Appeals, but it was denied as untimely because he failed to file it within twelve months of the trial court's order. *People v. Thornton*, No. 273847 (Mich. Ct. App. Jan 5, 2007). The Michigan Supreme Court denied leave to appeal. *People v. Thornton*, No. 133109, 732 N.W.2d 894 (Mich. June 26, 2007).

II

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications

for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The AEDPA applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because Petitioner's application was filed after that date, the provisions of the AEDPA, including the amended standard of review, apply to this case. As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotations omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be

correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1), "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id*. at 409, 410-11.  *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

Petitioner asserts that he is entitled to habeas relief because his assault sentence is invalid.

Specifically, he claims that the trial court improperly scored five points under PRV 6 of the sentencing guidelines and relied upon inaccurate information in imposing his sentence. Respondent contends that Petitioner's claims are barred by procedural default and do not otherwise warrant habeas relief. The United States Supreme Court has held that "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)); *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (internal citations omitted); 28 U.S.C. § 2254(b)(2) (providing that a habeas application may be denied on the merits despite the petitioner's failure to exhaust state court remedies). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's sentencing claims.

As an initial matter, Petitioner's sentence is within the statutory maximums for assault with intent to commit murder and felony firearm. *See* Mich. Comp. Laws §§ 750.83, 750.227b. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Furthermore, Petitioner's claim that PRV 6 and his sentencing guidelines were incorrectly scored under Michigan law fails to state a claim upon which habeas relief can be granted because it is a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook*, 56 F. Supp. 2d at 797. It is well-established that federal habeas relief does not lie for perceived errors of state law. *See Estelle v. McGuire*, 502 U.S.

62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Petitioner is not entitled to federal habeas relief on his state law sentencing claim.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (stating that a criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F.Supp. 70, 81 (E.D. Mich. 1992).

Here, Petitioner has not made the required showing. The record reveals that he and defense counsel had an opportunity to challenge the pre-sentence report and to contest the scoring of the prior record variables, the offense variables, and other relevant factors during the sentencing proceedings. The trial court scored PRV 6 at five points based upon the LEIN report provided by the prosecutor at the time of sentencing. The Michigan Court of Appeals upheld this determination. Petitioner has not established that the state courts' decisions are contrary to federal or constitute an unreasonable application of federal law or the facts. While the pre-sentence report may be inconsistent with the LEIN report, it is the job of the state courts, not a federal habeas court, to resolve such conflicts. *See, e.g.*, *Jackson v. Virginia*, 443 U.S. 307, 326 (1979); *Tucker v. Palmer*, 541 F.3d 652, 661 (6th Cir. 2008). Lastly, contrary to Petitioner's argument, the Bureau of Driver

and Vehicle Records report attached to his complaint seems to indicate that he had an expired license and was on probation until May 10, 2000. The instant offense occurred on February 7, 2000. Petitioner has not rebutted the state courts' factual findings regarding his probationary status at the time of the offense by clear and convincing evidence.

Nonetheless, even assuming that PRV 6 was incorrectly scored, Petitioner is not entitled to habeas relief from this Court. In ruling on Petitioner's motion for relief from judgment, the state trial court refused to alter his sentence because his existing minimum sentence of 108 months imprisonment fell within the proposed corrected guideline range of 81 to 135 months imprisonment. Consequently, Petitioner cannot establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. *See Buhl v. Metrish*, No. 07-13377, 2007 WL 4357729, *4 (E.D. Mich. Dec. 11, 2007) (denying habeas relief on inaccurate information claim where the petitioner acknowledged that his current sentence would still fall within the proposed corrected guideline range); *see also Lyles v. Renico*, No. 1:04-CV-130, 2006 WL 3091490, *5 (W.D. Mich. Oct. 30, 2006) (adopting magistrate judge's report denying habeas relief on inaccurate information claim where the trial court stated that it would have imposed the same sentence even with the correct information and the petitioner's sentence was within the properly scored guidelines). Habeas relief is not warranted on this claim.

### III

Based on the foregoing, the Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable

jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

                                                 s/Thomas L. Ludington  
                                                 THOMAS L. LUDINGTON  
                                                 United States District Judge

Dated: November 30, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 30, 2009.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS